IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| TONYUA LEE, | * | |
| Plaintiff, | * | |
| v. | * | Civil Action No. RDB-13-3476 |
| SAFEWAY, INC., | * | |
| Defendant. | * | |

\*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*

**<u>MEMORANDUM OPINION</u>**

Plaintiff Tonyua Lee ("Lee") brings this action against Defendant Safeway, Inc. ("Safeway"), alleging violations of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e, *et seq.*, the Americans with Disabilities Act of 1990, 42 U.S.C. §§ 12101, *et seq.*, the Fair Labor Standards Act of 1938, 29 U.S.C. §§ 201, *et seq.*, the Maryland Wage and Hour Law, Md. Code Ann., Lab. & Empl. §§ 3-401, *et seq.* (West 1991), and the District of Columbia Wage Payment and Collection Law, D.C. Code §§ 32-1301, *et seq.* (1956).

Pending before this Court is Defendant's Motion for Leave to File Memorandum in Support of Defendant's Motion to Dismiss, or in the Alternative, for Summary Judgment (ECF No. 9) ("Motion for Leave to File Memorandum") and Defendant's Motion to Dismiss, or in the Alternative, for Summary Judgment (ECF No. 8) ("Motion to Dismiss"). The parties' submissions have been reviewed and no hearing is necessary.  *See* Local Rule 105.6 (D. Md. 2014).  For the reasons that follow, Defendant Safeway's Motion for Leave to File Memorandum in Support of Defendant's Motion to Dismiss, or in the Alternative, for Summary Judgment (ECF No. 9) is GRANTED and Defendant's Motion to Dismiss, or in the Alternative, for Summary Judgment, construed as a Motion to Dismiss (ECF No. 8) is GRANTED IN PART (Counts I, II, III, IV, V, VIII, IX, and X) and DENIED IN PART (Counts VI and VII).

## BACKGROUND

In a ruling on a motion to dismiss, this Court must accept the factual allegations in the plaintiff's complaint as true and construe those facts in the light most favorable to the plaintiffs. *See, e.g., Edwards v. City of Goldsboro*, 178 F.3d 231, 244 (4th Cir. 1999).

On October 11, 1992, Defendant Safeway hired Plaintiff Tonyua Lee, an African-American woman, for the position of staff pharmacist. Compl. ¶ 12, ECF No. 1. After twelve years, Plaintiff was promoted in October 2004 to the position of pharmacy manager of the Alabama Avenue, S.E., Washington, D.C. Safeway branch. *Id.* at ¶¶ 12-13. In November 2009, however, Safeway demoted Plaintiff from pharmacy manager to floater

pharmacist. *Id.* at ¶ 14.[1] Lee does not specify the reasons for which she was demoted, but alleges that she was replaced by "an employee of African origin."*Id.* at ¶ 15.[2]

Plaintiff's troubles with Defendant continued when, on August 13, 2012, Safeway suspended her for ten days without pay for alleged violations of the Safeway Code of Conduct. *Id.* at ¶ 16. Lee alleges that her "African counterparts" committed similar violations, but were never admonished for their conduct. *Id.* Further, she states that, from November 2009 onward, she was the subject of "sex-based and national-origin based harassment, unlike her African counterparts[.]" *Id.* at ¶ 17. According to Plaintiff, such harassment included long work shifts; meetings with Regional Pharmacy Manager Emmanuel Tesfaye; the reporting of her alleged policy violations to Emmanuel Tesfaye by her "African counterparts; and being treated in a disrespectful and demeaning manner by her African counterparts with the endorsement of her supervisor, Emmanuel Tesfaye." *Id.* Plaintiff complained to Tesfaye of these actions, but he failed to stop the conduct. *Id.* at ¶ 19.

---

[1] According to Defendant, a floater pharmacist may work at several Safeway locations within a specific geographic zone. Def.'s Mot. for Leave to File Mem. in Supp. of Def.'s Mot. to Dismiss, or in the Alternative, for Summ. J. Ex. 1, at 5. Plaintiff claims that the Regional Pharmacy Manager for Safeway's Eastern Division Emmanuel Tesfaye, a male of unspecified African origin, demoted her. Compl. ¶ 14.

[2] Safeway provides numerous examples of Plaintiff's violations of company conduct policy and pharmacy regulations, as well as customer service issues. Def.'s Mot. for Leave to File Mem. in Supp. of Def.'s Mot. to Dismiss, or in the Alternative, for Summ. J. Ex. 1, at 5-7. As previously mentioned, this Court must accept as true all factual allegations in Plaintiff's complaint. *See, e.g.*, *Edwards*, 178 F.3d at 244. Plaintiff never contested  the performance issues detailed by Defendant, instead arguing against Defendant's motions solely on procedural grounds. *See* Pl.'s Resp. in Opp'n to Def.'s Mot. to Dismiss, or in the Alternative, for Summ. J., ECF No. 13; Pl.'s Resp. in Opp'n to Def.'s Mot. for Leave to File Mem. in Supp. of Def.'s Mot. to Dismiss, or in the Alternative, for Summ. J., ECF No. 14.

In addition to the alleged sex- and national origin-based harassment, Plaintiff claims that Defendant failed to accommodate her need to provide care for her mentally disabled son. *Id.* at ¶ 26. Lee, as a single mother with sole responsibility for her son, asked Safeway not to schedule her for fifteen-hour or consecutive late-night shifts. *Id.*[3] Defendant, however, refused the request for accommodation. *Id.* at ¶¶ 27-28. Instead, the scheduler insisted that he "was just following orders and there was nothing [he] could do about her schedule." *Id.* at ¶ 27.

During the same period, Plaintiff alleges that Defendant withheld overtime compensation on several occasions. *Id.* at ¶ 36. From November 2009 "to the present," Plaintiff alleges that she "regularly" worked in excess of the forty-hour work week, but does not provide any specific dates for which she was not paid. *Id.* at ¶ 33. Lee states that Defendant knew of the unpaid overtime wages, but willfully manipulated her hours to avoid compensating her for the overtime hours. *Id.* at ¶¶ 35, 37.

On October 16, 2012, Plaintiff's counsel sent a letter to Defendant describing its alleged violations of Title VII of the Civil Rights Act of 1968, the Americans with Disabilities Act of 1990, and the Fair Labor and Standards Act of 1938, among other complaints. *Id.* at ¶ 39. Plaintiff then filed a charge of discrimination with the Equal Employment Opportunity Commission (the "EEOC") on Novembert 15, 2012. *Id.* This initial charge alleged only national origin-based discrimination under Title VII of the Civil Rights Act for the period of November 15, 2009 to August 3, 2012. Def.'s Mot. for Leave to

---

[3] Plaintiff does not specify the dates on which she made these requests. Instead, she states that she made (and Safeway denied) such requests "repeatedly." Compl. ¶ 26.

File Mem. in Supp. of Def.'s Mot. to Dismiss, or in the Alternative, for Summ. J. Ex. 2, at 13, ECF No. 9-2. Safeway received notice of the filing of the charge on November 18, 2012. Compl. ¶ 39.

Ten days later, Regional Manager Tesfaye and other Safeway employees met with Plaintiff to discuss her concerns and "threatened [Plaintiff] [with] 'terminat[ion].'" *Id.* at ¶ 40. Safeway then issued a memorandum documenting Plaintiff's recent violations of its policies on January 7, 2013. *Id.* at ¶ 41. Shortly thereafter, Plaintiff amended her charge with the EEOC on January 17, 2013 to include sex- and age-based discrimination under Title VII of the Civil Rights Act, retaliation, and disability-based discrimination under the Americans with Disabilities Act. Def.'s Mot. for Leave to File Mem. in Supp. of Def.'s Mot. to Dismiss, or in the Alternative, for Summ. J. Ex. 2, at 6.[4]  The amended charge alleged discriminatory incidents for the same period as the initial charge. *Id.* On January 30, 2013, Plaintiff participated in mandated training on pharmacy procedures to address her recent violations of Defendant's policies. Compl. ¶ 41.

The instant action ensued after the EEOC dismissed Plaintiff's charge of discrimination on August 21, 2013. Def.'s Mot. for Leave to File Mem. in Supp. of Def.'s Mot. to Dismiss, or in the Alternative, for Summ. J. Ex. 2, at 15. Plaintiff filed this Complaint against Defendant on November 11, 2013, alleging ten counts of discrimination, retaliation, and denial of overtime compensation in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e, *et seq.*, the Americans with Disabilities Act of 1990, 42

---

[4] The Commission did not issue a notice of the amended charge to Safeway until March 11, 2013. Def.'s Mot. for Leave to File Mem. in Supp. of Def.'s Mot. to Dismiss, or in the Alternative, for Summ. J. Ex. 2, at 4.

U.S.C. §§ 12101, *et seq.*, the Fair Labor Standards Act of 1938, 29 U.S.C. §§ 201, *et seq.*, the Maryland Wage and Hour Law, Md. Code Ann., Lab. & Empl. §§ 3-401, *et seq.*, and the District of Columbia Wage Payment and Collection Law, D.C. Code §§ 32-1301, *et seq.* (1956). Compl. ¶¶ 48-69. Defendant moved to dismiss Plaintiff's Complaint pursuant to Fed. R. Civ. P. 12(b)(6), or in the alternative, for summary judgment pursuant to Fed. R. Civ. P. 56. Def.'s Mot. to Dismiss, or in the Alternative, for Summ. J., ECF No. 8. Due to a late filing, Defendant then moved to file the memorandum supporting its earlier motion.[5] Def.'s Mot. for Leave to File Mem. in Supp. of Def.'s Mot. to Dismiss, or in the Alternative, for Summ. J., ECF No. 9.

Plaintiff did not respond to the substantive arguments of Defendant's motions, instead basing her opposition solely on procedural grounds. Pl.'s Resp. in Opp. to Def.'s Mot. to Dismiss, or in the Alternative, for Summ. J., ECF No. 13; Pl.'s Resp. in Opp. to Def.'s Mot. for Leave to File Mem. in Supp. of Def.'s Mot. to Dimiss, or in the Alternative, for Summ. J., ECF No. 14. Defendant subsequently filed a Reply to Plaintiff's Opposition to Defendant's Motion to Dismiss, or in the Alternative, for Summary Judgment (ECF No. 15) and a Reply to Plaintiff's Opposition to Defendant's Motion for Leave to File Memorandum in Support of Defendant's Motion to Dismiss, or in the Alternative, for Summary Judgment (ECF No. 16).

---

[5] Defendant filed its Motion to Dismiss shortly before 12AM on January 17, 2014 (the filing deadline). Def.'s Reply to Pl.'s Opp. To Def.'s Mot. For Leave to File Mem. in Supp. of Def.'s Mot. to Dismiss, or in the Alternative, for Summ. J., at 3, ECF No. 16. Once Defendant's counsel became aware of the likelihood of a late filing, she telephoned the Clerk's Office to inform this Court of the delay. *Id.* Due to the aforementioned computer issues, Defendant was unable to file the Memorandum in question until 3:19AM on January 18, 2014. *Id.*

STANDARDS OF REVIEW

**A. Motion for Leave to File Memorandum**

A federal district court judge's power to extend a party's filing deadline under Federal Rule of Civil Procedure 6(b) is a discretionary one, and may be considered when a claimant presents "good cause." Fed. R. Civ. P. 6(b); *see Lujan v. National Wildlife Federation*, 497 U.S. 871, 895 (1990). When a party moves for an extension after the expiration of the filing deadline, the court may grant such an extension if the delay is due to "excusable neglect." Fed. R. Civ. P. 6(b)(1)(B). The court's inquiry is an equitable one, and hinges on the characteristics of the delay and the movant's culpability. *See Pioneer Investment Servs. Co. v. Brunswick Assocs. Ltd. Partnership*, 507 U.S. 380, 395 (1993); *see also Fernandes v. Craine*, 538 Fed. App'x 274, 276 (4th Cir. 2013).

**B. Motion to Dismiss Under Rule 12(b)(1) of the Federal Rules of Civil Procedure**

A motion to dismiss under Rule 12(b)(1) of the Federal Rules of Civil Procedure for lack of subject matter jurisdiction challenges a court's authority to hear the matter brought by a complaint. *See Davis v. Thompson*, 367 F. Supp. 2d 792, 799 (D. Md. 2005). This challenge under Rule 12(b)(1) may proceed either as a facial challenge, asserting that the allegations in the complaint are insufficient to establish subject matter jurisdiction, or a factual challenge, asserting "that the jurisdictional allegations of the complaint [are] not true." *Kerns v. United States*, 585 F.3d 187, 192 (4th Cir. 2009) (citation omitted). A plaintiff carries the burden of establishing subject matter jurisdiction. *Lovern v. Edwards*, 190 F.3d 648, 654 (4th Cir. 1999).

With respect to a facial challenge, a court will grant a motion to dismiss for lack of subject matter jurisdiction "where a claim fails to allege facts upon which the court may base jurisdiction." *Davis*, 367 F. Supp. 2d at 799.  Where the challenge is factual, "the district court is entitled to decide disputed issues of fact with respect to subject matter jurisdiction." *Kerns*, 585 F3d at 192.  "[T]he court may look beyond the pleadings and 'the jurisdictional allegations of the complaint and view whatever evidence has been submitted on the issue to determine whether in fact subject matter jurisdiction exists.'" *Khoury v. Meserve*, 268 F. Supp. 2d 600, 606 (D. Md. 2003) (citation omitted).  The court "may regard the pleadings as mere evidence on the issue and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment." *Velasco v. Gov't of Indonesia*, 370 F.3d 392, 398 (4th Cir. 2004); *see also Sharafeldin v. Maryland Dept. of Public Safety & Correctional Services*, 94 F. Supp. 2d 680, 684-85 (D. Md. 2000).

## C.  Motion to Dismiss Under Rule 12(b)(6) of the Federal Rules of Civil Procedure

Under Rule 8(a)(2) of the Federal Rules of Civil Procedure, a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P 8(a)(2).  Rule 12(b)(6) of the Federal Rules of Civil Procedure authorizes the dismissal of a complaint if it fails to state a claim upon which relief can be granted.  The purpose of Rule 12(b)(6) is "to test the sufficiency of a complaint and not to resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Presley v. City of Charlottesville*, 464 F.3d 480, 483 (4th Cir. 2006).

The Supreme Court's recent opinions in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), "require that complaints in civil actions be alleged with greater specificity than previously was required." *Walters v. McMahen*, 684 F.3d 435, 439 (4th Cir. 2012) (citation omitted). In *Twombly*, the Supreme Court articulated "[t]wo working principles" that courts must employ when ruling on Rule 12(b)(6) motions to dismiss. *Iqbal*, 556 U.S. at 678. First, while a court must accept as true all the factual allegations contained in the complaint, legal conclusions drawn from those facts are not afforded such deference. *Id.* (stating that "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to plead a claim); *see also Wag More Dogs, LLC v. Cozart*, 680 F.3d 359, 365 (4th Cir. 2012) ("Although we are constrained to take the facts in the light most favorable to the plaintiff, we need not accept legal conclusions couched as facts or unwarranted inferences, unreasonable conclusions, or arguments." (internal quotation marks omitted)).

Second, a complaint must be dismissed if it does not allege "a plausible claim for relief." *Iqbal*, 556 U.S. at 679. Under the plausibility standard, a complaint must contain "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555. Although the plausibility requirement does not impose a "probability requirement," *id.* at 556, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678; *see also Robertson v. Sea Pines Real Estate Cos.*, 679 F.3d 278, 291 (4th Cir. 2012) ("A complaint need not make a case against a defendant or *forecast evidence* sufficient to *prove* an element of the claim. It need only

*allege facts* sufficient to *state* elements of the claim." (emphasis in original) (internal quotation marks and citation omitted)).

In the employment discrimination context, this pleading standard should not be "onerous." *Bass v. E.I. DuPont de Nemours & Co.*, 324 F.3d 761, 764 (4th Cir. 2003). The Supreme Court has indicated that an employment discrimination plaintiff need not plead particular facts conclusively satisfying each element of a prima facie case. *Swierkiewicz v. Sorema*, 534 U.S. 506 (2002).[6] *Swierkiewicz*, however, did not abrogate the requirement that the plaintiff allege "facts *sufficient* to state *all* the elements of her claim." *Bass*, 324 F.3d at 765 (emphasis added); *see Coleman v. Maryland Court of Appeals*, 626 F.3d 187, 190 (4th Cir. 2010) (explaining that *Swierkiewicz* does not nullify the heightened pleading requirements of *Twombly* and *Iqbal*); *Dickson v. Microsoft Corp.*, 309 F.3d 193, 213 (4th Cir. 2002) ("[T]he Supreme Court's holding in *Swierkiewicz v. Sorema* did not alter the basic pleading requirement that a plaintiff set forth facts sufficient to allege each element of his claim." (internal citation omitted)).

Even with the degree of flexibility arguably given to employment discrimination plaintiffs, the court must consider whether plaintiff's complaint has met the plausibility requirement of *Twombly* and *Iqbal*. *See Miller v. Carolinas Healthcare System*, 561 F. App'x 239, 241 (4th Cir. 2014) (explaining that, in the Fourth Circuit, "*Swierkiewicz* left untouched the

---

[6] Although the general 12(b)(6) standard used in *Swierkiewicz* was overruled by *Twombly*, *see Francis v. Giacomelli*, 588 F.3d 186, 192 (4th Cir. 2009), the analysis cited here remains good law. *Reed v. Airtran Airways*, 531 F. Supp. 2d 660, 666 (D. Md. 2008) ("The *Twombly* Court made clear that its holding did not contradict the *Swierkiewicz* rule that 'a complaint in an employment discrimination lawsuit [need] not contain specific facts establishing a *prima facie* case of discrimination.'" (citations omitted)).

burden of a plaintiff to allege facts sufficient to state all elements of her claim." (internal quotation marks and citation omitted)). In making this assessment, a court must "draw on its judicial experience and common sense" to determine whether the pleader has stated a plausible claim for relief. *Iqbal*, 556 U.S. at 679. "At bottom, a plaintiff must nudge [its] claims across the line from conceivable to plausible to resist dismissal." *Wag More Dogs, LLC v. Cozart*, 680 F.3d 359, 365 (4th Cir. 2012) (internal quotation marks omitted).

ANALYSIS

I.     **Motion for Leave to File Memorandum**

The first issue to be addressed is Defendant Safeway's Motion for Leave to File Memorandum (ECF No. 9). Defendant asserts that a series of well-documented computer glitches prevented it from filing the Memorandum contemporaneously with the Motion to Dismiss. In response, Plaintiff argues that Defendant's technology issues do not amount to "excusable neglect" within the meaning of Rule 6(b) of the Federal Rules of Civil Procedure.

Federal Rule of Civil Procedure 6(b) enables a court to extend a party's filing deadline for "good cause" under certain circumstances. Of relevance to this action is Rule 6(b)(1)(B), under which a court may extend the filing deadline "on motion made after the time has expired if the party failed to act because of excusable neglect." Fed. R. Civ. P. 6(b)(1)(B). The Supreme Court has not specifically defined "excusable neglect" in the context of Rule 6(b), instead emphasizing that the decision to grant an extension is within the district court's considerable "discretion." *Lujan*, 497 U.S. at 895. This discretion, however, does not mean that a court will always find "excusable neglect." Rather, a district court should look to

11

several equitable factors, such as "(1) the danger of prejudice to the non-movant; (2) the length of the delay and its potential impact on judicial proceedings; (3) the reason for the delay, including whether it was in the reasonable control of the movant; and (4) whether the movant acted in good faith." *Pioneer*, 507 U.S. at 395.[7]

Upon careful consideration of the motions and previous filings by both parties, this Court finds that the equitable factors of *Pioneer* clearly support the granting of Defendant's Motion. First, the "danger of prejudice" to Plaintiff, as the non-moving party, is *de minimis*. Given the late hour at which both motions were filed and the gap of less than four hours, this Court cannot conceive of possible prejudice to Plaintiff. Any lack of notice to Plaintiff of the grounds upon which the Motion to Dismiss was based was swiftly remedied by the filing of the second Motion. Second, the delay lasted a mere four hours and had no effect on these proceedings.

Third, this Court finds no reason to discredit Defendant's alleged computer issues. Safeway's counsel offered extensive documentation of the technological problems that delayed its filing. *See* Def.'s Reply to Pl.'s Resp. in Opp. to Def.'s Mot. for Leave to File Mem. in Supp. of Def.'s Mot. to Dismiss, or in the Alternative, for Summ. J. Attach. 1, ECF No. 16-2. There is no indication that Defendant's counsel was willfully blind to the computer issues or careless in the management of its case. *See, e.g., id.* The "most important *Pioneer* factor" is thus satisfied. *Fernandes*, 538 Fed. App'x at 276.

---

[7] Although *Pioneer* concerned a filing extension under Fed. R. Bankr. P. 9006(b)(1), its discussion of the "excusable neglect" factors is used in a variety of contexts. *See, e.g., Fernandes*, 538 Fed. App'x at 276 (applying the *Pioneer* factors to a filing extension under Fed. R. Civ. P. 6(b)(1)(B)).

Finally, Plaintiff's assertion that Defendant acted in bad faith is unpersuasive. After realizing that computer issues would prevent timely filing, Defendant's counsel contacted the Clerk's Office to alert this Court of the delay. Defendant was hardly attempting to hide its failure to file by the deadline. Further, this Court cannot imagine any strategic advantage gained by a delay of four hours.

After conducting an equitable inquiry into the circumstances of the Defendant's delay, this Court finds that an extension under Rule 6(b)(1)(B) is appropriate. Accordingly, Defendant's Motion for Leave to File Memorandum (ECF No. 9) is GRANTED.

## II.    Defendant's Motion to Dismiss Under Rule 12(b)(1)

Safeway argues that Lee's Complaint includes alleged incidents that are time-barred, thus the Complaint should be dismissed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. This argument should, in fact, be analyzed under Rule 12(b)(1) of the Federal Rules of Civil Procedure, as a motion to dismiss for failure to exhaust administrative remedies is an argument that this Court lacks subject matter jurisdiction. *Khoury v. Meserve*, 268 F. Supp. 2d 600, 606 (D. Md. 2003). A court will grant a motion to dismiss for lack of subject matter jurisdiction "where a claim fails to allege facts upon which the court may base jurisdiction." *Davis*, 367 F. Supp. 2d at 799.

A plaintiff's prerequisite to bringing a federal employment discrimination action is filing administrative charges with the EEOC or an authorized state agency. *Johnson v. State of Maryland*, 940 F. Supp. 873, 875 (D. Md. 1996) (citing 42 U.S.C. § 2000e-5(e)-(f); *Mickel v.*

13

*S.C. State Employment Serv.*, 377 F.2d 239, 242 (4th Cir. 1967); *Maxey v. M.H.M., Inc.*, 828 F. Supp. 376, 377 (D. Md. 1993)).  Title VII establishes two potential limitations periods within which a charge of discrimination must be filed with the EEOC.  *Edelman v. Lynchburg Coll.*, 228 F.3d 503, 506 (4th Cir. 2000).  The general limitations period is 180 days after the alleged unlawful employment practice.  *Id.*

If, however, state law proscribes the alleged employment practice and the charge is first filed with a state deferral agency, then the limitations period is extended to 300 days. *Id.*; *see also Tinsley v. First Union Nat'l Bank*, 155 F.3d 435, 439 (4th Cir. 1998).  Maryland is a "deferral state" in which the 300-day limitations period applies.  *See, e.g., Prelich v. Medical Resources, Inc.*, 813 F. Supp. 2d 654, 661-62 (D. Md. 2001).  Accordingly, a plaintiff in Maryland has 300 days to file a charge with the EEOC.  The Americans with Disabilities Act incorporates the procedural requirements of Title VII of the Civil Rights Act of 1964.  *See* 42 U.S.C. § 12117(a).  Further, "[t]imeliness requirements for an action alleging employment discrimination are to be strictly enforced."  *Tangires v. Johns Hopkins Hosp.*, 79 F. Supp. 2d 587, 597 (D. Md. 2000).

In this case, Plaintiff failed to file a timely charge with the EEOC for all alleged national origin-based discrimination occurring before January 20, 2012.[8]  Any sex-, age-, or disability-based discrimination, or retaliation incidents occurring before March 23, 2012 are

---

[8] As noted above, Plaintiff's initial charge, filed on November 15, 2012, alleged only national origin-based discrimination under Title VII of the Civil Rights Act.

similarly barred.[9] The "time limitations period commence[s] with the date of the alleged 'unlawful employment practice,'" and "the pendency of a grievance, or some other method of collateral review of an employment decision, does not toll the running of the limitations period." *Del. State Coll. v. Ricks*, 449 U.S. 250, 261-62 (1980) (citations omitted).  For those incidents before these dates, more than 300 days had elapsed by the time Lee filed her charge and amended charge, respectively.

Lee has not satisfied the prerequisite of filing her charge with the EEOC for alleged discrimination that occurred beyond the above dates. This Court thus does not have subject matter jurisdiction over the associated claims .  *Johnson v. State of Maryland*, 940 F. Supp. at 875; *Davis*, 367 F. Supp. 2d at 799.  Accordingly, her Complaint related to alleged incidents outside of the statutory periods must be DISMISSED WITH PREJUDICE under Rule 12(b)(1) of the Federal Rules of Civil Procedure.

## III.    Defendant's Motion to Dismiss Under Rule 12(b)(6)

Defendant contends that Plaintiff fails to state a claim upon which relief may be granted on all ten counts, thus the Complaint should be dismissed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.[10] This Court will address each count in turn.

---

[9] Plaintiff's amended charge, filed on January 17, 2013, included allegations of sex-, age-, and disability-based discrimination, as well as alleged retaliation.

[10] In its Motion to Dismiss, Defendant frequently confuses the standards for motions to dismiss and motions for summary judgment. In particular, Defendant uses the burden-shifting framework of *McDonnell Douglas v. Green*, 411 U.S. 792 (1973), throughout its analysis. The *McDonnell Douglas* framework, however, is not appropriate at the motion to dismiss stage, as *McDonnell Douglas* requires the consideration of evidence offered by the plaintiff *and* the defendant. Under Rule 12(b)(6) of the Federal Rules of Evidence, however, the court may consider only the factual allegations asserted by the Plaintiff in her complaint. *See Edwards*, 178 F.3d at 244. Since

### A.  Sex-Based Hostile Work Environment under Title VII (Count I)

Under Title VII of the Civil Rights Act, an employer may "fail or refuse to hire or to discharge . . . or otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's . . . sex." 42 U.S.C. § 2000e-2(a)(1). This protection prohibits an employer from creating an "abusive working environment" in which the "workplace is permeated with discriminatory [sex-based] intimidation, ridicule, and insult[.]" *Harris v. Forklift Sys., Inc.*, 510 U.S. 17, 21 (1993). To establish a sex-based hostile environment claim, a plaintiff must "show that the offending conduct was (1) unwelcome, (2) was because of her sex, (3) was sufficiently severe or pervasive to alter the conditions of her employment and create an abusive working environment, and (4) was imputable to her employer." *Hoyle v. Freightliner, LLC*, 650 F.3d 321, 331 (4th Cir. 2011) (internal citation omitted). Even with the flexibility of the Supreme Court's *Swierkiewicz* analysis, Lee has failed to plead sufficient facts to establish a claim of sex-based hostile work environment.

Plaintiff's Complaint faces several difficulties.[11] First, Plaintiff alleges only one specific incident within the statutory period related to this claim – the August 13, 2012 suspension. Throughout the Complaint, Plaintiff alleges that Defendant's employees harassed and discriminated against her, but she provides no dates or any other information

---

this Court is construing Defendant's Motion as a motion to dismiss, only arguments under this standard will be addressed.

[11] Given the present lawsuit, this Court will assume that the alleged offending conduct was "unwelcome." Further, as the Plaintiff's Complaint fails on the second and third elements, it is unnecessary to reach the fourth element.

that would give notice to Defendant. Although *Swierkiewicz* does not require a plaintiff to prove each element of a *prima facie* case in her complaint, *Iqbal* and *Twombly* require enough specificity to make the complaint plausible, not merely possible. *See Iqbal*, 556 U.S. at 678. This Court will thus consider only the August 13, 2012 suspension as the "offending conduct" at issue.

Second, Plaintiff fails to allege sufficient facts to link her suspension to her gender. Regarding the August 13, 2012 suspension, Plaintiff alleges only that her "African counterparts" were never punished for the same conduct for which she was suspended. She does not say whether her "African counterparts" are male or female. Further, although her supervisor, Emmanuel Tesfaye, is male, Lee does not state who, in fact, suspended her. Even assuming that Tesfaye did suspend her, Lee fails to allege any facts connecting this decision to her gender. The mere fact that Tesfaye is male and Lee is female, without more, does not permit an inference that the suspension occurred because of Lee's gender. *See Nicole v. Grafton School, Inc.*, 181 F. Supp. 2d 475, 483 (D. Md. 2002) (holding that a sex-based hostile work environment may not be supported where plaintiff provided no facts, "apart from her own speculation," that the offending conduct was sex-based).

Finally, Lee alleges no facts regarding whether the offending conduct was "sufficiently severe or pervasive." Instead, she simply restates the exact language of the third element. *See* Compl. ¶ 20 ("the sex based harassment that Plaintiff, Tonyua Lee experienced by her male supervisor(s) and male counterparts was severe, pervasive, unwanted, and unwelcome, altering the conditions of her employment"). As the Supreme Court stated in

*Iqbal*, 556 U.S. at 678, "[t]hreadbare recitals of a cause of action's elements, supported by mere conclusory statements, do not suffice."

Due to Plaintiff's failure to allege any facts related to the second and third elements of a sex-based hostile work environment claim, she has failed to state a claim upon which relief may be granted. Count I is thus DISMISSED.

## B. National Origin-Based Hostile Work Environment under Title VII (Count II)

Like discrimination on the basis of sex, Title VII also also prohibits discrimination on the basis of national origin. 42 U.S.C. § 2000e-(2)(a)(1). To state sufficiently a claim of hostile work environment on the basis of national origin, a plaintiff must plead some facts showing that "the harassment was: 1) unwelcome, 2) based on a protected characteristic, 3) sufficiently severe or pervasive to alter the conditions of employment, and 4) there was some basis for imposing liability on the employer." *LaRosa v. Harford Cnty., Md.*, No. CCB-08-2560, 2010 WL1375321, at *6 (D. Md. March 26, 2010); *see also Spriggs v. Diamond Auto Glass*, 242 F.3d 179, 183-84 (4th Cir. 2001). Defendant does not challenge the first, second, or fourth elements. Instead, Defendant argues that Plaintiff has failed to allege any facts related to the third element.

Once again, the only specific incident alleged by Plaintiff is the August 13, 2012 suspension. Assuming that Plaintiff, as an African-American, is a member of a protected class, and that she was suspended due to that membership, her Complaint contains no facts indicating that this "harassment" was "sufficiently severe or pervasive." *LaRosa*, 2010

WL1375321, at *6. Lee merely restates the elements of the claim, rather than providing *some* facts tending to show the claim's plausibility. *See, e.g.*, Compl. ¶ 21. While she is not required to prove each element of a *prima facie* case, the Plaintiff must, move beyond conclusory labeling.

Given this deficiency, Plaintiff has failed to state a claim upon which relief may be granted. Count II is thus DISMISSED.

### C. Sex-Based Disparate Treatment under Title VII (Count III)

Next, Plaintiff asserts a claim under Title VII of disparate treatment on the basis of sex. 42 U.S.C. § 2000e-(2)(a)(1). If Plaintiff does not have "direct evidence" of discrimination, she must show "(1) membership in a protected class; (2) satisfactory job performance; (3) adverse employment action; and (4) different treatment from similarly situated employees outside the protected class." *Coleman v. Maryland Court of Appeals*, 626 F.3d 187, 190 (4th Cir. 2010); *see also White v. BFI Waste Servs., LLC*, 375 F.3d 288, 295 (4th Cir. 2004). Plaintiff's claim must be dismissed due to her failure to satisfy the second and fourth elements.

Plaintiff does provide sufficient facts to make the first and third elements plausible. Plaintiff easily fulfills the first element. As a female, she is a member of a protected class. Regarding the third element, the only specific incident alleged – the August 13, 2012 suspension – does constitute an "adverse employment action" within the meaning of Title VII. *See James v. Booz-Allen & Hamilton, Inc.*, 368 F.3d 371, 375-76 (4th Cir. 2004) (explaining that an "adverse employment action" is a "a discriminatory act which adversely affect[s] the

terms, conditions, or benefits of the plaintiff's employment"); *see also Mallik v. Sebelius*, 964 F.

Supp. 2d 531, 542-43 (D. Md. 2013) (holding that an "adverse employment action" does not

require termination).

Plaintiff's claim fails, however, under the second and fourth elements. First, she does

not allege that she performed her job satisfactorily. Absent any facts showing such

performance, Plaintiff cannot satisfy the second element, even at the pleading stage. Second,

Plaintiff does not sufficiently identify any "similarly situated employees outside the protected

class." When alleging "similarly situated employees," a plaintiff must give some indication as

to how those employees are comparable to the plaintiff. *Coleman*, 626 F.3d at 191. Without

this evidence, the plaintiff's claim "do[es] not rise above speculation." *Id.* Although a

plaintiff need not prove each element conclusively in the complaint, she must meet the

plausibility standard of *Iqbal*.

Throughout her Complaint, Lee alleges that Defendant gave preferential treatment to

her "African counterparts." Specifically, she contends that her "African counterparts" were

not reprimanded for the conduct for which she was suspended on August 13, 2012. Yet Lee

never identifies these "African counterparts," nor alleges any information that would tend to

support a finding that these "counterparts" were, indeed, similarly situated. It is unknown

whether the "African counterparts" were male floater pharmacists, female floater

pharmacists, or merely other Safeway employees. In sum, Plaintiff has failed to provide any

facts indicating that the "African counterparts" are similarly situated.

Given the deficiencies in Plaintiff's pleadings, she has failed to state a claim under Title VII for sex-based disparate treatment. Count III must be DISMISSED.

### D.  National Origin-Based Disparate Treatment under Title VII (Count IV)

Under Title VII, a claim of disparate treatment on the basis of national origin is comprised of the same elements as a sex-based disparate treatment claim. *See, e.g.*, *Mallik*, 964 F. Supp. 2d at 541. Although the reason for the discrimination is different, the analysis remains the same. *See id.* (applying the disparate treatment elements to claim of national origin-based discrimination). The instant claim of national origin-based disparate treatment is marked by the same deficiencies as Plaintiff's sex-based claim. For the reasons explained in Subsection C, Lee has failed to state a claim under Title VII for which relief may be granted. Accordingly, this Court must DISMISS Count IV.

### E.  Discrimination under the Americans with Disabilities Act (Count V)

Safeway argues that Lee's claim of discrimination for failure to provide a reasonable accommodation is not cognizable under the Americans with Disabilities Act, and thus should be dismissed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Plaintiff does not claim that *she* is disabled within the meaning of the Act; rather, the discrimination stems from her association with her mentally disabled son. In so claiming, Plaintiff attempts to extend the reach of the "accommodation" provision, 42 U.S.C. § 12112(b)(5), beyond its scope. She has thus failed to state a claim upon which relief may be granted.

The Americans with Disabilities Act mandates that "[n]o covered entity shall discriminate against a qualified individual on the basis of disability in regard to job application procedures, the hiring, advancement, or discharge of employees, . . . and other terms, conditions, and privileges of employment." *Id.* at 12112(a). The phrase, "discriminate against a qualified individual on the basis of disability," includes "association" discrimination, *id.* at § 12112(b)(4),[12] and "reasonable accommodation" discrimination, *id.* at § 12112(b)(5).[13] The EEOC has explained, however, that a plaintiff must *herself* be disabled in order to claim under the "reasonable accommodation" provision. 29 C.F.R. Pt. 1630.8 app. at 349 (1996) ("an employer need not provide the applicant or employee without a disability with a reasonable accommodation because that duty only applies to qualified applicants or employees with disabilities"); *see also Den Hartog v. Wasatch Academy*, 129 F.3d 1076, 1084 (10th Cir. 1997) (holding that the "reasonable accommodation" provision applies only to claimants with their own disabilities). In contrast, the "association" provision provides relief only for a qualified individual who was *terminated* on the basis of his known association with

---

[12] The "association" provision prevents a covered employer from "excluding or otherwise denying equal jobs or benefits to a qualified individual because of a known disability of an individual with whom the qualified individual is known to have a relationship or association[.]" 42 U.S.C. § 12112(b)(4).

[13] The "accommodation" provision requires that a covered employer:

    (A) mak[e] reasonable accommodations to the known physical or mental limitations of an otherwise qualified individual with a disability who is an applicant or an employee, unless such covered entity can demonstrate that the accommodation would impose an undue hardship on the operation of the business of such covered entity; or

    (B) [not] deny[] employment opportunities to a job applicant or employee who is an otherwise qualified individual with a disability, if such denial is based on the ned of such covered entity to make reasonable accommodation to the physical or mental impairments of the employee or applicant[.]

42 U.S.C. § 12112(b)(5).

a disabled person. *Tyndall v. National Education Centers, Inc. of California*, 31 F.3d 209, 212-213 (4th Cir. 1994).

Here, Plaintiff does not allege that she was terminated because of her association with her mentally disabled son. Instead, she argues that Safeway failed to provide reasonable accommodations, such as adjusting her work schedule, that would have given her greater flexibility in caring for her son. In so arguing, Plaintiff attempts to merge the "association" and "reasonable accommodation" provisions. The two provisions, however, are separate and unique provisions within the statutory scheme of the Americans with Disabilities Act. The "reasonable accommodation" provision, per its plain language, applies only to qualified "applicants or employees." 42 U.S.C. § 12112(b)(5). This narrow scope is further emphasized by the EEOC guidelines limiting the "reasonable accommodation" provision to persons with their own disabilities. 29 C.F.R. Pt. 1630.8 app. at 349. Plaintiff's disabled son is neither an applicant nor an employee. Plaintiff has not alleged any disabilities that she herself suffers.

As Plaintiff relies solely on her association with her disabled son as the basis for her "reasonable accommodation" claim, she has failed to state a claim upon which relief may be granted under the Americans with Disabilities Act. Count V is thus DISMISSED.

### F.  Retaliation under Title VII (Count VI)

Safeway argues that Lee's claim of retaliation under Title VII must fail because she did not plead facts sufficient to state a causal connection between her protected activity and any adverse actions taken by Defendant. Under Title VII, an employer may not discriminate against an employee who "has opposed any . . . unlawful employment practice" covered by

the statute. 42 U.S.C. § 2000e-3(a). To state a claim of retaliation under Title VII, a plaintiff must show that "(1) she engaged in protected activity: (2) the employer acted adversely against her; and (3) there was a causal connection between the protected activity and the asserted adverse action." *Ziskie v. Mineta*, 547 F.3d 220, 229 (4th Cir. 2008) (citing *Holland v. Washington Homes, Inc.*, 487 F.3d 208, 218 (4th Cir. 2007)). A plaintiff may not conclusorily assert the existence of a "causal connection." The presence of a "close" temporal relationship between the protected activity and the alleged adverse action, however, can be sufficient to establish a causal connection at the pleading stage. *See Clark County Sch. Dist. v. Breeden*, 532 U.S. 268, 273 (2001) (holding that alleged "temporal proximity" must be "very close" to satisfy this third element). If the employer did not know of the protected activity, then even temporal proximity cannot save a plaintiff's claim. *See Price v. Thompson*, 380 F.3d 209, 213 (4th Cir. 2004) (explaining that the employer must know the employee engaged in protected activity as a prerequisite to establishing a causal connection).

Viewing the alleged facts in the light most favorable to Lee, she has sufficiently plead a claim of retaliation under Title VII. Safeway does not dispute that she engaged in protected activity by (1) complaining to Safeway in the letter dated October 16, 2012; and (2) filing a charge with the EEOC on November 15, 2012. Nor does Defendant challenge that the November 28, 2012 meeting, January 7, 2013 memorandum detailing Plaintiff's alleged violations of Safeway policies, and January 30, 2013 mandated training could constitute adverse actions under the second element. Instead, Defendant argues that Plaintiff has not satisfactorily plead the causal connection of a retaliation claim. Under *Iqbal* and *Twombly*,

however, a plaintiff is not required to prove an element in her initial pleading. She merely must provide facts sufficient to make the element's existence plausible.

Plaintiff has met this burden. First, she alleged that Defendant learned of the initial EEOC charge on November 18, 2012. Even if Defendant disputes the date of notification, this Court must accept Plaintiff's factual allegations as true at the motion to dismiss stage. *See, e.g.*, *Edwards*, 178 F.3d at 244. Second, the claimed adverse actions all occurred within a span of approximately two months from the date Safeway allegedly learned of the protected activity. Although the Fourth Circuit has not set a clear limit for "close temporal proximity," it has required other evidence of discriminatory animus when the interval between protected activity and the adverse action is as great as seven months. *See Lettieri v. Equant Inc.*, 478 F.3d 640, 650 (4th Cir. 2007). Under this guidance, this Court concludes that two months is sufficient to survive a motion to dismiss.

Plaintiff has thus alleged adequate facts to support a claim of retaliation under Title VII of the Civil Rights Act. Accordingly, Defendant's Motion to Dismiss Count VI is DENIED.

### G.  Retaliation under the Fair Labor Standards Act (Count VII)

The Fair Labor Standards Act prohibits covered employers from "discharge[ing] or in any other manner discriminat[ing] against any employee because such employee has filed any complaint or instituted . . . any proceeding under or related to this Act . . ." 29 U.S.C. § 215(a)(3). To state a claim of retaliation under this Act, a plaintiff must show that "(1) he engaged in an activity protected by the FLSA; (2) he suffered adverse action by the employer

subsequent to or contemporaneous with such protected activity; and (3) a causal connection exists between the employee's activity and the employer's adverse action." *Darveau v. Detecon, Inc.*, 515 F.3d 334, 340 (4th Cir. 2008); *see also Boscarello v. Audio Visual Systems, Inc.*, 784 F. Supp. 2d 577, 581 (E.D. Va. 2011).

In arguing for dismissal of Plaintiff's claim of retaliation, Defendant contends that Plaintiff did not engage in any activity protected by the Fair Labor Standards Act. Defendant asserts that "protected activity" under the Act encompasses only the initiation of "formal proceedings," not informal complaints. *See, e.g., Jackson v. Mayor and City Council of Baltimore City*, No. JFM-08-3103, 2009 WL2060073, at *24 (D. Md. July 14, 2009). The Supreme Court, however, recently rejected this formal requirement. *Kasten v. Saint-Gobain Performance Plastics Corp.*, 131 S. Ct. 1325, 1333 (2011). In *Kasten*, the Court argued that such a narrow reading would "undermine the Act's basic objectives." *Kasten v. Saint-Gobain Performance Plastics Corp.*, 131 S. Ct. 1325, 1333 (2011).

The Fair Labor Standards Act "seeks to prohibit 'labor conditions detrimental to the maintenance of the minimum standard of living necessary for health, efficiency, and general well-being of workers.'" *Id.* (quoting 29 U.S.C. § 202(a)). The retaliation provision is key to achieving these goals, as it "prevent[s] 'fear of economic retaliation' from inducing workers 'quietly to accept substandard conditions.'" *Kasten*, 131 S. Ct. at 1333 (quoting *Mitchell v. Robert DeMario Jewelry, Inc.*, 361 U.S. 288, 292 (1960)). In light of the purpose of the Act, the *Kasten* Court extended the definition of "filing a complaint" under the first element to include oral complaints. *See Kasten*, 131 S. Ct. at 1335. Specifically, the Supreme Court

concluded that the complaint at issue must be "sufficiently clear and detailed for a reasonable employer to understand it, in light of both content and context, as an assertion of rights protected by the statute and a call for their protection." *Id.*

Plaintiff has met her initial burden under this broad interpretation of the first element. In *Kasten*, an oral complaint provided the requisite notice to the employer of the employee's claims. The October 16, 2012 letter to Safeway, in which Plaintiff described her alleged grievances under the Fair Labor Standards Act, is hardly less formal than an oral complaint. Although the letter was not an administrative or court proceeding, it notified Safeway that Lee was considering asserting her rights under the Act. In light of the Supreme Court's recent opinion in *Kasten*, this letter is sufficient to satisfy the first element of a retaliation claim under the Act.

Since Defendant does not dispute the second and third elements of Plaintiff's retaliation claim, this Court need not address those issues. Lee's October 16, 2012 letter qualifies as "protected activity" within the Fair Labor Standards Act. She has thus succeeded in stating a claim of retaliation under this Act. Accordingly, Safeway's Motion to Dismiss Count VII is DENIED.

## H. Denial of Overtime Compensation under the Fair Labor Standards Act (Count VIII)

Safeway argues that Lee's Complaint has failed to state a claim for denial of overtime compensation under the Fair Labor Standards Act because she failed to meet the plausibility standard set forth by *Iqbal* and *Twombly*. Specifically, Defendant contends that Lee alleged no

particular dates on which she was denied overtime compensation, nor did she demonstrate Safeway's actual or constructive knowledge. Absent such information, Safeway asks this Court to dismiss Lee's claim.

To state a claim for denial of overtime compensation under the Fair Labor Standards Act, 29 U.S.C. § 207, a "plaintiff must plead (1) that he worked overtime hours without compensation; and (2) that the employer knew or should have known that he worked overtime but failed to compensate him for it." *Hawkins v. Proctor Auto Serv. Ctr.*, No. RWT-09-1908, 2010 WL1346416, at *1 (D. Md. Mar. 30, 2010) (citing *Davis v. Food Lion*, 792 F.2d 1274, 1276 (4th Cir. 1986)). The exact specificity required for an overtime compensation claim after *Twombly* and *Iqbal* is uncertain, as some courts have required a plaintiff to plead particular dates and numbers of hours of overtime, while others have allowed a plaintiff merely to allege that they worked unpaid overtime hours. *See Butler v. DirectSat USA, LLC*, 800 F. Supp. 2d 662, 667-68 (D. Md. 2011) (surveying the pleading requirements for a denial of overtime compensation claim in the aftermath of *Iqbal* and *Twombly*). In *Butler*, this Court held that the "more lenient approach" was "appropriate" when the plaintiffs described in detail the activities performed during the alleged overtime hours. *Id.* at 668. Although the plaintiffs did not specify the number of unpaid overtime hours, the degree of detail regarding the work activities gave the defendants "sufficient notice of the basis of the allegations to form a response." *Id.*

Plaintiff's Complaint should not be afforded the same leniency. In contrast to the plaintiffs in *Butler*, Lee did not provide any details regarding the work activities she

performed during the alleged overtime hours. She merely describes her general work duties, but does not state that she performed those activities during the overtime hours for which she was denied compensation. Lee estimates that she worked fifty hours of unpaid overtime from "November 2009 to the present," but gave no facts as to when during this lengthy period the hours accrued. Even if Defendant had actual or constructive knowledge of the unpaid overtime hours, Lee's conclusory language does not give Defendant "sufficient notice of the basis of the allegations to form a response." *Butler*, 800 F. Supp. 2d at 668.

Defendant also argues that Plaintiff did not allege sufficient facts to establish that Defendant acted willfully in denying the overtime compensation. Under the Fair Labor Standards Act, if the defendant employer acted willfully in refusing the overtime compensation, then the statute of limitations for such claims is extended from two to three years. 29 U.S.C. § 255(a); *see also Desmond v. PNGI Charles Town Gaming, LLC*, 630 F.3d 351 (4th Cir. 2011). Since this Court has concluded that Lee failed to state a claim of denial of overtime compensation under the Act, it is not necessary to determine whether Safeway acted willfully.

Plaintiff's bare allegation of unpaid overtime compensation, without more detail, does not meet the pleading burden of *Iqbal* and *Twombly*. Under the plausibility standard, conclusory assertions are insufficient. This Court will thus DISMISS Count VIII.

I.   **Denial of Overtime Compensation under the Maryland Wage and Hour Law (Count IX)**

Defendant contends that the Maryland Wage and Hour Law claim should be dismissed because the law in question applies only to individuals employed in the State of Maryland. Defendant argues that Lee has not met this minimal burden. Given this deficiency, Defendant urges this Court to dismiss Plaintiff's claim for denial of overtime compensation.

The Maryland Wage and Hour Law mandates payment of overtime for non-exempt employees and sets the guidelines for calculation of the overtime wages. Md. Code Ann., Lab. & Empl. §§ 3-415; 3-420. Although the Maryland Wage and Hour Law defines "employer," *id.* at § 3-401, it does not provide any guidance for determining whether a claimant is an "employee" within the meaning of the statute. In *Martinez v. Holloway*, No. DKC-03-2118, 2005 WL3157945, at *15-16 (D. Md. Nov. 23, 2005), this Court acknowledged the dearth of case law on the definition of "employee" under this statute. This Court thus looked to a six-factor test used by the Maryland Court of Special Appeals to determine whether an employee is a Maryland employee within the protection of the Maryland Workers Compensation Act. *See id.* (applying *Hodgson v. Flippo Constr. Co.*, No. 861, 2005 WL2233240 (Md. Ct. Spec. App. Sept. 15, 2005) to the Maryland Wage and Hour Law). To qualify as an individual within the Maryland Wage and Hour Law, a court must look to:

> (1) where the employee was hired;
> (2) whether the employment arrangement contemplated the employee's regular presence in a particular jurisdiction;
> (3) the nature of the employer's work;
> (4) the scope and purpose of the hiring;
> (5) duration of the employment (meaning consistency of the employee's work in a particular jurisdiction); and

(6) representations by the employer regarding where the employee would be working."

*Martinez*, 2005 WL3157945, at *16.

Applying these factors, Plaintiff has not alleged sufficient facts to show that she is an employee within the protection of the Maryland Wage and Hour Law. First, the Plaintiff gives no information as to where she was hired. Second, although Defendant's Eastern Division headquarters are in Maryland, Plaintiff alleged only that she worked at Safeway stores in the District of Columbia. Third, the nature of Defendant's work is to operate stores throughout the states in which it has locations, including Maryland. But, as noted above, Plaintiff has not alleged any connection to Maryland Safeway locations. Fourth, the "scope and purpose" of Plaintiff's hiring was as a pharmacist of varying ranks. As a floater pharmacist, she worked in several locations, but Lee has not alleged that any of those locations were in Maryland. Fifth, the only consistent location in which Plaintiff has alleged she worked is the District of Columbia. Finally, Plaintiff has not alleged that Defendant represented to her that she would work in Maryland.

In sum, the Plaintiff is not an employee in the State of Maryland. She thus has failed to state a claim upon which relief may be granted under the Maryland Hour and Wage Law. Count IX is DISMISSED.

**J.   Denial of Overtime Compensation under the District of Columbia Wage Payment and Collection Law (Count X)**

Finally, Defendant argues that Plaintiff's claim of denial of overtime compensation under the District of Columbia Wage Payment and Collection Law must be dismissed for failure to state a claim and improper venue. This Court concludes that Plaintiff has failed to state a claim upon which relief may be granted under this statute, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. As such, this Court will not reach the question of improper venue.

The District of Columbia Wage Payment and Collection Law stipulates when employers must pay wages, both for current and discharged employees. D.C. Code §§ 32-1302; 1303. It does not, however, govern the payment of overtime wages. Rather, overtime wages are regulated under D.C. Code § 32-1003(c).[14] Since Plaintiff's claim concerns only the payment of overtime wages, and not unpaid regular wages, her claim is not cognizable under the District of Columbia Wage Collection and Payment Law. She has thus failed to state a claim upon which relief may be granted. Accordingly, Count X is DISMISSED.

## CONCLUSION

For the reasons stated above, Defendant Safeway's Motion for Leave to File Memorandum in Support of Motion to Dismiss, or in the Alternative, for Summary Judgment (ECF No. 9) is GRANTED and Defendant's Motion to Dismiss, or in the Alternative, for Summary Judgment, construed as a Motion to Dismiss (ECF No. 8) is GRANTED IN PART (Counts I, II, III, IV, V, VIII, IX, and X) and DENIED IN PART

---

[14] "(c) No employer shall employ any employee for a workweek that is longer than 40 hours, unless the employee receives compensation for employment in excess of 40 hours at a rate not less than 1 ½ times the regular rate at which the employee is employed." D.C. Code § 32-1003(c).

(Counts VI and VII). Specifically, Defendant's Motion to Dismiss is denied as to the retaliation claims under Title VII of the Civil Rights Act and the Fair Labor Standards Act and granted as to all other claims of the Complaint.

A separate Order follows.

Dated:          September 30, 2014               /s/ _____

                                                 Richard D. Bennett

                                                 United States District Judge