IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

TONYUA LEE,                               *

Plaintiff,                                *

          v.                              *          Civil Action No. RDB-13-3476

SAFEWAY, INC.,                            *

Defendant.                                *

*     *     *     *     *     *     *     *     *     *     *     *     *     *

## MEMORANDUM OPINION

        This action arises from alleged retaliation by Defendant Safeway, Inc. ("Defendant" or "Safeway") against its employee, Plaintiff Tonyua Lee[1] ("Plaintiff" or "Lee"), in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e, *et seq.* ("Title VII"), and the Fair Labor Standards Act of 1938, 29 U.S.C. §§ 201, *et seq.* ("FLSA"). Plaintiff originally asserted ten counts against the Defendant, however this Court dismissed all but Count VI— retaliation under Title VII—and Count VII—retaliation under the FLSA—on September 30, 2014. Amended Order, ECF No. 21. After a lengthy period of discovery, Safeway filed the pending Motion for Summary Judgment (ECF No. 42). Specifically, Safeway argues that it is entitled to judgment as a matter of law on the remaining claims, Counts VI and VII, because Safeway took no adverse employment action against Lee, nor has she raised any genuine issue of material fact as to Safeway's legitimate, nondiscriminatory reasons for its actions.

---

[1] Lee remains employed with Safeway. Mem. in Support of Def.'s Mot. for Summ. J., 1 n, ECF No. 42-1.

The parties' submissions have been reviewed and no hearing is necessary. *See* Local Rule 105.6 (D. Md. 2014).  For the reasons that follow, Defendant Safeway, Inc.'s Motion for Summary Judgment (ECF No. 42) is GRANTED. In sum, Plaintiff simply suffered no adverse employment action under either Title VII or the FLSA. Even if the alleged retaliation did constitute adverse actions, she fails to raise any genuine issue of material fact to rebut Defendant's legitimate, non-discriminatory reason as pretextual.

## BACKGROUND

In ruling on a motion for summary judgment, this Court reviews the facts and all reasonable inferences in the light most favorable to the nonmoving party.  *Scott v. Harris*, 550 U.S. 372, 378 (2007); *see also Hardwick ex rel. Hardwick v. Heyward*, 711 F.3d 426, 433 (4th Cir. 2013). On October 11, 1992, Defendant Safeway hired Plaintiff Tonyua Lee, an African-American woman, for the position of staff pharmacist. Compl. ¶ 12, ECF No. 1. She was promoted to the position of pharmacy manager in October 2004, but since November 2009 has held the position of floater pharmacist. *Id.* ¶¶ 12-13; *see also* Tonyua Lee Dep. 21-24, ECF No. 42-2. As a floater pharmacist, Lee worked at several Safeway locations throughout the Washington, D.C. area. Lee Dep. 26:10-21. According to Regional Pharmacy Manager Emmanuel Tesfaye ("Tesfaye"), a floater pharmacist is assigned to a particular location depending on that location's needs. Emmanuel Tesfaye Dep. 76:13-19, ECF No. 42-3.

On July 28, 2012, Lee erroneously filled a prescription for a Safeway customer, resulting in the customer ingesting a double dosage for approximately ninety days. Def.'s Mot. for Summ. J. Ex. 3, 2, ECF No. 42-4 (Document of Counseling). Although Safeway

discovered the error in September 2012, *id.*, Tesfaye did not begin his investigation until later that year due to a death in his family, Tesfaye Dep. 153:9-12.

The incident giving rise to Defendant's alleged retaliation occurred on October 16, 2012, when Lee's attorney sent a letter to Greg Herr, Director of Pharmacy for the Defendant, describing its alleged violations of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e, *et seq.*, the Americans with Disabilities Act of 1990, 42 U.S.C. §§ 12101, *et seq.*, the Fair Labor Standards Act of 1938, 29 U.S.C. §§ 201, *et seq.*, among other complaints. Def.'s Mot. for Summ. J. Ex. 4, 2-3, ECF No. 42-5 (Oct. 16, 2012 letter). Lee claimed that "she has been the subject of discriminatory treatment in the workplace on the basis of gender, sex and national origin for the past three years constituting a hostile work environment." *Id.* Prior to this letter, Lee had not raised any allegations of discrimination or other transgressions by Safeway. Lee Dep. 79:10-14. Less than a month later, Lee filed a charge of discrimination with the Equal Employment Opportunity Commission (the "EEOC"), alleging only discrimination on the basis of national-origin. Compl. ¶ 39. Safeway does not dispute that it was aware of both complaints.

Plaintiff asserts two categories of retaliation for the October 16, 2012 letter and subsequent EEOC charge. First, she claims that, on several occasions, Safeway penalized her by scheduling her to work evening hours for three consecutive nights. *See* Pl.'s Resp. in Opp'n Ex. 5, ECF No. 50-6 (Excerpts of Weekly Schedule). Prior to October 2012, Lee asserts that she was "on average . . . scheduled . . . to work no more than two late night shifts

3

in a row followed by the third day off." Mem. in Support of Pl.'s Resp. in Opp'n, 2, ECF No. 50-1.

Second, Lee was required to attend two meetings and a training session, all stemming from her erroneous filling of a customer's prescription. On November 28, 2012, Tesfaye held a meeting with Lee to discuss the incorrectly filled prescription. Lee Dep. 143:18-144:3; Tesfaye Dep. 136:11-12; 137:11. Safeway human resource managers Jessica Page ("Page") and Marion Dockery ("Dockery") also attended the meeting. Lee Dep. 143:18-144:3. When questioned about the incident, Lee testified that she did not offer any facts to explain the error, nor did she deny that she had mis-filled the prescription. Lee Dep. 91:2-8. Tesfaye, Page, and Dockery held a second meeting on January 9, 2013, where Lee again did not provide her "account" of the error. Lee Dep. 91:11. Lee received a "Document of Counseling," which stated that, due to her mistake, she must "re-train on pharmacy processes and procedures as outlined in Safeway Best Practices Pharmacy manual." Def.'s Mot. for Summ. J. Ex. 3 at 2.

On January 30, 2013, Lee attended the prescribed re-training, during which she "[r]ead the policy and procedure manual" and asked several questions of the training supervisor, Brian Drummond. Lee Dep. 93-96. At the present time, Plaintiff remains an employee of Safeway as a floater pharmacist. Def.'s Mot. for Summ. J. at 4. She does not

contend that she has suffered any reduction in pay as a result of the October 16, 2012 letter, nor that she was denied a promotion.[2]

Plaintiff filed the present action after the EEOC, having denied her claim, issued a "right to sue" letter on August 21, 2013, asserting ten counts of discrimination, retaliation, and denial of overtime compensation in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e, *et seq.*, the Americans with Disabilities Act of 1990, 42 U.S.C. §§ 12101, *et seq.*, the Fair Labor Standards Act of 1938, 29 U.S.C. §§ 201, *et seq.*, the Maryland Wage and Hour Law, Md. Code Ann., Lab. & Empl. §§ 3-401, *et seq.*, and the District of Columbia Wage Payment and Collection Law, D.C. Code §§ 32-1301, *et seq. See* Mem. Op., 5, ECF No. 19. On Defendant's Motion (ECF No. 8), this Court dismissed all counts apart from Plaintiff's retaliation claims under Title VII of the Civil Rights Act and the Fair Labor Standards Act. Amended Order, ECF No. 21. After discovery, Defendant filed the pending Motion for Summary Judgment (ECF No. 42) on the two remaining claims.

<u>STANDARD OF REVIEW</u>

Rule 56 of the Federal Rules of Civil Procedure provides that a court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). A material fact is one that "might affect the outcome of the suit under the governing law." *Libertarian Party of Va. v. Judd*, 718 F.3d 308, 313 (4th Cir. 2013) (quoting *Anderson v. Liberty*

---

[2] As will be discussed *infra*, Lee does claim that the Safeway's "corrective action" of re-training rendered her ineligible for promotion. Pl.'s Resp. in Opp'n at 8.

*Lobby, Inc.*, 477 U.S. 242, 248 (1986)).  A genuine issue over a material fact exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 248.  When considering a motion for summary judgment, a judge's function is limited to determining whether sufficient evidence exists on a claimed factual dispute to warrant submission of the matter to a jury for resolution at trial. *Id.* at 249.

In undertaking this inquiry, this Court must consider the facts and all reasonable inferences in the light most favorable to the nonmoving party. *Libertarian Party of Va.*, 718 F.3d at 312; *see also Scott v. Harris*, 550 U.S. 372, 378 (2007). However, this Court must also abide by its affirmative obligation to prevent factually unsupported claims and defenses from going to trial. *Drewitt v. Pratt*, 999 F.2d 774, 778-79 (4th Cir. 1993).  If the evidence presented by the nonmoving party is merely colorable, or is not significantly probative, summary judgment must be granted. *Anderson*, 477 U.S. at 249-50.  On the other hand, a party opposing summary judgment must "do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986); *see also In re Apex Express Corp.*, 190 F.3d 624, 633 (4th Cir. 1999). As this Court has previously explained, a "party cannot create a genuine dispute of material fact through mere speculation or compilation of inferences." *Shin v. Shalala,* 166 F. Supp. 2d 373, 375 (D. Md. 2001) (citations omitted).

<u>ANALYSIS</u>

The sole issue on summary judgment is whether any genuine issue of material fact remains as to the claimed retaliatory actions: (1) the assignment of Plaintiff to consecutive

6

late shifts; and (2) the meetings and subsequent training related to her erroneous filling of a prescription. Under Title VII of the Civil Rights Act of 1964, an employer may not discriminate against an employee who "has opposed any . . . unlawful employment practice" covered by the statute. 42 U.S.C. § 2000e-3(a). To state a *prima facie* claim of retaliation under Title VII, a plaintiff must prove that (1) she engaged in protected activity; (2) the employer took an adverse employment action against her; and (3) a causal connection existed between the activity and the adverse action. *Munday v. Waste Mgmt. of N. Am., Inc.*, 126 F.3d 239, 242 (4th Cir. 1997); *McGrath-Malott v. Maryland*, 565 F. Supp. 2d 656, 670 (D. Md. 2008). As this Court has previously explained, claims arising under the anti-retaliation provision of the FLSA, 29 U.S.C. § 215(a)(3), are governed by the same analytical framework as those claims for Title VII retaliation. *Mould v. NJG Food Serv., Inc.*, 37 F. Supp. 3d 762, 778 (D. Md. 2014).

When, as in this case, the plaintiff relies upon circumstantial evidence of misconduct, then the burden-shifting framework of *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973), applies. *McGrath-Malott*, 565 F. Supp. 2d at 670. After the employee establishes a *prima facie* case, the burden shifts to the employer to rebut the inference of retaliation. *McDonnell Douglas*, 411 U.S. at 802. Although the employer's burden is not onerous, it must articulate "some legitimate, nondiscriminatory reason" for the adverse employment action. *Id.* Once the employer produces a legitimate, nondiscriminatory reason, the burden returns to the plaintiff to prove that the defendant's stated reason is pretextual. *Texas Dep't of Cmty. Affairs v. Burdine*, 450 U.S. 248, 256 (1981). To that end, the employee must either show that the employer's explanation is "'unworthy of credence' or . . . offer[] other forms of

7

circumstantial evidence sufficiently probative of" the retaliation. *Mereish v. Walker*, 359 F.3d 330, 332 (4th Cir. 2004); *see also McGrath-Malott*, 565 F. Supp. 2d at 670-71.

In this case, Plaintiff fails to carry her initial burden of establishing a *prima facie* case of retaliation.  At issue is the second element—whether Safeway took an adverse employment action against her. The United States Supreme Court in *Burlington Northern & Santa Fe Ry. Co. v. White*, 548 U.S. 53, 68 (2006), explained that an action is adverse if "a reasonable employee would have found the challenged action materially adverse." In other words, the action "well might have 'dissuaded a reasonable worker from making or supporting a charge of discrimination.'" *Id.* (quoting *Ronchon v. Gonzales*, 438 F.3d 1211, 1219 (D.C. Cir. 2006) (quoting *Washington v. Ill. Dep't of Revenue*, 420 F.3d 658, 662 (7th Cir. 2005))). The Supreme Court emphasized that the requirement of "*material* adversity" recognizes that Title VII "does not set forth 'a general civility code for the American workplace.'" *Burlington Northern*, 548 U.S. at 68 (quoting *Oncale v. Sundowner Offshore Servs., Inc.*, 523 U.S. 75, 80 (1998)) (emphasis in original). Any "petty slights or minor annoyances that often take place at work" do not amount to adverse employment actions. *Burlington Northern*, 548 U.S. at 68.

Lee argues that she suffered two forms of adverse action. First, Safeway altered her work schedule to require her to work three consecutive late shifts on five occasions: October 23-25, 2012; October 29-31, 2012; December 17-19, 2012; January 9-11, 2013; and February 18-20, 2013. Mem. in Support of Pl.'s Resp. in Opp'n at 3. Five isolated occasions over five months, however, hardly amount to a materially adverse action. In fact, prior to the October 16, 2012 letter, Lee had worked three consecutive late shifts on many occasions. *See* Def.'s

Reply Ex. 2, 5, 6, 8, 9, 10, ECF No. 54-2 (Schedules for the weeks of April 15, 2012; April 22, 2012; May 6, 2012; May 20, 2012; and June 17, 2012). Nor was her assignment unique to her, as other floater pharmacists evidently worked consecutive late shifts. Pl.'s Resp. in Opp'n Ex. 2, 2-3, ECF No. 50-3. A reasonable worker assigned consecutive late shifts would not be dissuaded from making a charge of discrimination if he had worked such a schedule before *and* his colleagues received similar treatment.

Second, Lee argues that the two meetings and re-training stemming from her incorrect filling of a prescription constitute adverse employment actions. As a preliminary matter, this Court has previously held that verbal and formal reprimands are not adverse employment actions in a retaliation claim. *Wonasue v. Univ. of Md. Alumni Ass'n*, 984 F. Supp. 2d 480, 492 (D. Md. 2013) (citing *Rock v. McHugh*, 819 F. Supp. 2d 456, 470-71 (D. Md. 2011)). Any verbal reprimands delivered during the November 28, 2012 and January 9, 2013 meetings thus are not adverse employment actions, nor is the "Document of Counseling," to the extent it may be construed as a "formal letter of reprimand[.]" *Id.*

With respect to Lee's mandatory re-training, she spent only four hours at the training, during which she re-read the Safeway pharmacy manual. Lee Dep. 94:12-19. Safeway did not reduce her pay or otherwise consider the training and related meetings to adversely affect Lee's employment status. Tesfaye Dep. 140:17-141:12. Plaintiff claims that the "Document of Counseling" and subsequent re-training "made [her] ineligible for promotion for a period of six months to one year," yet she offers absolutely no proof of this ineligibility. Pl.'s Resp. in Opp'n at 8. The sole evidence identified by the Plaintiff is the testimony of Jessica Page, a

Safeway human resources manager, that receipt of a "Document of Counseling" could render the employee ineligible for promotion for a period of time. *Id.* A review of Page's testimony, however, reveals that Page's discussion of possible ineligibility was only "speculat[ion]" on her part. Jessica Page Dep. 90:18-91:8, ECF No. 54-3. Even further, Lee does not allege that she was denied a promotion, or even eligible for one in the first place. A reasonable employee would not be dissuaded from making a discrimination complaint on the basis of such theoretical harm. *Cf. Stone v. Bd. of Trustees of Northern Ill. Univ.*, 38 F. Supp. 3d 935, 942 (N.D. Ill. 2014) (finding an adverse employment action where the plaintiff was denied a specific promotion for which she had previously interviewed).

Even if Lee's work schedule assignment and the meetings and re-training constituted adverse employment actions, she fails to provide any evidence to rebut Safeway's legitimate, nondiscriminatory reasons for its actions. As discussed *supra*, a floater pharmacist's schedule is determined by the needs of various Safeway pharmacies. Tesfaye Dep. 76:13-16. Lee's schedule assignments thus arose from the nature of her position as a floater pharmacist. Indeed, other floater pharmacists were assigned schedules similar to Lee's wherein they were forced to work consecutive late shifts. *See, e.g.*, Pl.'s Resp. in Opp'n Ex. 2 at 1-2. Lee simply offers no evidence to rebut this legitimate, nondiscriminatory reason as mere pretext for retaliation.

With respect to the meetings and mandatory re-training, Safeway argues that its interest in ensuring that medicines are correctly dispensed necessitated these corrective actions. Mem. in Support of Def.'s Mot. for Summ. J. at 9. Pharmacies are heavily regulated

by state and federal law in part due to the public safety concerns stemming from dosage and drug type-errors. *See* Tesfaye Aff. ¶¶ 3-4, ECF No. 49-8. It is well-established that "[j]ob performance and relative employee qualifications are widely recognized as valid, non-discriminatory bases for any adverse employment decision." *Evans v. Techs. Applications & Serv. Co.*, 80 F.3d 954, 960 (4th Cir. 1996) (citing *Burdine*, 450 U.S. at 258-59; *Young v. Lehman*, 748 F.2d 194, 198 (4th Cir. 1984)). A pharmacist's ability to dispense the correct dosage is a fundamental qualification for employment, and thus a legitimate, nondiscriminatory reason for the corrective actions.

Lee's attempt to rebut Safeway's legitimate, nondiscriminatory reason is unpersuasive. She asserts that "many, many many pharmacist (sic) at the Safeway pharmacy working under the supervision of Emmanuel Tesfaye made significant errors," but that she was singled out for corrective action. Pl.'s Resp. in Opp'n at 9. As evidence of this position, she attached an incident report purporting to show that other employees were not disciplined. Pl.'s Resp. in Opp'n Ex. 15, ECF No. 50-16. As Defendant noted in its Reply, that exhibit is merely an incomplete version of the incident report. Def.'s Reply at 12. Specifically, Plaintiff's exhibit lacked the column in which any corrective action was described. Def.'s Reply Ex. 4, ECF No. 54-4 (April 22, 2016 email). A review of the complete report reveals that several employees received a variety of corrective actions, including "verbal counseling," "issued a final warning," or required to review "Safeway best practice on preventing med errors." Def.'s Reply Ex. 5, ECF No. 54-5 (Complete Incident Report). Plaintiff's assertion that she, and only she, received corrective action is thus belied by the record. As such, she fails to

rebut Safeway's legitimate, nondiscriminatory reasons for the meetings and subsequent re-training.

In sum, Lee cannot state a *prima facie* case for retaliation under either Title VII or the FLSA. Neither her work assignments nor the meetings and mandatory re-training are adverse employment actions within the ambit of either statute. Even if she were able to state a *prima facie* claim, she fails to raise any genuine issue of material fact to rebut Safeway's legitimate, nondiscriminatory bases for its actions. Accordingly, Safeway is entitled to judgment as a matter of law on Counts VI and VII.

<u>CONCLUSION</u>

For the foregoing reasons, Defendant Safeway, Inc.'s Motion for Summary Judgment (ECF No. 42) is GRANTED. In sum, Plaintiff simply suffered no adverse employment action under either Title VII or the FLSA. Even if the alleged retaliation did constitute adverse actions, she fails to raise any genuine issue of material fact to rebut Defendant's legitimate, non-discriminatory reason as pretextual.

A separate Order follows.

Dated: June 30, 2016                                    _____/s/_____

Richard D. Bennett
United States District Judge

12